# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEWAYNE THOMPSON,

        Plaintiff,

  v.

W. HILL,

        Defendants.

CV F   04 5877 AWI SMS P

FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT (Doc. 1)

   DeWayne Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

   Plaintiff filed the instant action on June 22, 2004. The Complaint names W. Hill, Correctional Lieutenant as Defendant. On June 13, 2005, and July 5, 2005, Plaintiff moved to amend the Complaint citing "bad grammar" as justification for the need to amend.

**A. SCREENING REQUIREMENT**

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  SUMMARY OF COMPLAINT**

The Complaint does not set forth clearly Plaintiff claim for relief.  Instead, in the section where Plaintiff is required to state his claim, Plaintiff references a Supplemental Complaint.  In the Supplemental Complaint which provides an incoherent declaration which appears to concern a grievance.  Plaintiff begins his declaration saying he submitted a grievance and that it was received by Correctional Officer England but that someone "obstructionally repudiated, by delegates who derelicted to follow up on Complaint, asserted by Petitioner, well as log for record.  insofar as record of this claim is incognizant and done so omissionaly!" (Complaint at 2.)  In his Motion to Amend filed on July 5, 2005, Plaintiff makes clear that he is requesting the Court to "abolish the grievance system within regime. . ." (Motion to Amend at 2.)

**C.  CLAIMS FOR RELIEF**

1.  Grievance Procedure

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint

which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.  Plaintiff's allegations concerning the appeals process and its deficiencies "[do] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Id. at 484-86; Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner).  Because Plaintiff does not have a liberty interest at stake with respect to the inmate appeals process, Plaintiff's allegations do not give rise to a claim for relief under section 1983 for violation of the Due Process Clause.

    2. Exhaustion

Plaintiff also indicates in both the Complaint and a later filed Motion to Amend that he has not exhausted his administrative remedies with respect to the claims at issue in this action. In the Complaint, Plaintiff indicates that he filed an administrative appeal but that the process was not complete at the time he filed the Complaint.  In the Motion to Amend filed on July 5, 2005, Plaintiff requests the Court to take notice that "[he] has not exhausted [his] administrative remedies according to this issue."

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001).  Plaintiff may not exhaust while the suit is pending and then seek leave to amend to add the now-exhausted claims, as such a course of action serves to thwart the requirement that exhaustion occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.

2002).

Here, as Plaintiff concedes that he did not exhaust his remedies prior to initiating this action, the case must be dismissed.

### 3. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In this case, the Court has surmised that Plaintiff's complaint is challenging the grievance process itself. However, in the event that is not the case, the Complaint lists no other claim nor does Plaintiff link the named Defendant to an act or omission giving rise to a constitutional violation. Accordingly, the Complaint fails to state a claim for relief.

## D. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under Section 1983. Further, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the

1 Court RECOMMENDS that this action be dismissed in its entirety and that all pending motions
2 be DENIED as moot.[1]

3     It is HEREBY ORDERED that these Findings and Recommendations be submitted to the
4 United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.
5 § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District
6 Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy
7 of this Report and Recommendation, any party may file written objections with the Court and
8 serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
9 Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed
10 within TEN (10) <u>court</u> days (plus three (3) days if served by mail) after service of the Objections.
11 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

12     The parties are advised that failure to file objections within the specified time may waive
13 the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
14 1991).

15

16 IT IS SO ORDERED.

17 **Dated:   November 10, 2005**          **/s/ Sandra M. Snyder**
   icido3                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Currently pending are two Motions to Amend (Docs. 11, 13).

5