UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE THOMPSON, | 1:04-cv-05877-AWI-SMS-P |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 14) |
| vs. | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| W. HILL, | |
| Defendant. | **ORDER DENYING PENDING MOTIONS TO AMEND AS MOOT** (Doc.#9, #11, #13) |

Plaintiff, Dewayne Thompson ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On November 14, 2005, the Magistrate Judge filed Findings and Recommendations herein which were served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty (30) days. On December 12, 2005, Plaintiff filed objections to the Magistrate Judge's Findings and Recommendations.

1

1    In accordance with the provisions of 28 U.S.C.
2 § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a
3 <u>de novo</u> review of this case.  Having carefully reviewed the
4 entire file, the Court finds the Findings and Recommendations to
5 be supported by the record and by proper analysis.  However, in
6 the objections, Plaintiff states that this action is not about
7 the prison grievance process, which the Magistrate Judge
8 addressed in the Findings and Recommendations.  Rather,
9 Plaintiff contends that this action is about prison conditions,
10 which Plaintiff has unsuccessfully attempted to appeal through
11 the prison grievance process.
12    Plaintiff is informed that this action contains only those
13 claims clearly alleged in the complaint. A plaintiff's complaint
14 must satisfy the requirement of Federal Rule of Civil Procedure
15 8(a), which calls for a "short and plain statement of the claim
16 showing that the pleader is entitled to relief."  The court does
17 not attempt to glean from exhibits to complaints potential
18 claims.  If Plaintiff is attempting to file an action concerning
19 prison conditions, Plaintiff must file a complaint containing
20 this allegation.
21    While the court will not give leave to amend the complaint
22 to contain a claim regarding the grievance process for the
23 reasons stated in the Findings and Recommendation, in the
24 interests of justice, the court will give Plaintiff the
25 opportunity to file an amended complaint that alleges an Eighth
26 Amendment violation based on conditions of confinement.
27 In filing any amended complaint, Plaintiff is advised regarding
28 the standards for an Eighth Amendment claim. To constitute cruel

and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and

responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

The court agrees with the Magistrate Judge and finds that Plaintiff's complaint does not contain any claims upon which relief may be granted under section 1983. However, the court will provide Plaintiff the opportunity to file an amended complaint that alleges an Eighth Amendment conditions of confinement claim.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading or

exhibit.

Accordingly, based on the Findings and Recommendations and the foregoing, it is HEREBY ORDERED that:

1. The Findings and Recommendations, filed November 14, 2005, are ADOPTED IN PART;
2. Plaintiff's complaint is dismissed with leave to file an amended complaint containing an Eighth Amendment conditions of confinement claim only;
3. The Clerk's Office is DIRECTED to send Plaintiff a civil rights complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim upon which relief may be granted; and
6. All pending motions to amend the petition are DENIED as moot in light of this order.

IT IS SO ORDERED.

**Dated:   February 14, 2006**             **/s/ Anthony W. Ishii**
0m8i78                                     UNITED STATES DISTRICT JUDGE