**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEWAYNE THOMPSON, | | CV F   04 5877 AWI SMS P |
| | Plaintiff, | |
| | v. | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION (Doc. 1, 13.) |
| W. HILL, | | |
| | Defendants. | |

DeWayne Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on June 22, 2004.  On November 14, 2005, the Court issued Findings and Recommendations to dismiss the action as the Complaint challenged only the inmate appeals process.  In his Objections, Plaintiff indicated that he had intended to challenge the conditions of confinement and not the grievance process.  Thus, the District Court dismissed the Complaint and granted Plaintiff leave to amend on February 15, 2006.  Plaintiff filed an Amended Complaint on March 6, 2006.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
2  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
3  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
4  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
6  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
7  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
8  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
9  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
10 complaint under this standard, the court must accept as true the allegations of the complaint in
11 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
12 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
13 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

14 **B.  SUMMARY OF COMPLAINT**

15      Plaintiff alleges that on April 1, 2004, while confined at Corcoran State Prison and
16 housed in Administrative Segregation, Plaintiff covered his cell door window which constituted a
17 breach of security.  This caused officials to have to extract Plaintiff from his cell which resulted
18 in Plaintiff's being issued a Rules Violation Report.  Plaintiff states that Defendant Hill ordered
19 subordinate officers to allow Plaintiff to have only a suicide blanket, T-shirt and boxers for a
20 period of ten days.  Plaintiff alleges that this violated the California Code of Regulations and also
21 constituted an Eighth Amendment violation.

22 **C.  EXHAUSTION OF ADMINISTRATIVE REMEDIES**

23      Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be
24 brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by
25 a prisoner confined in any jail, prison, or other correctional facility until such administrative
26 remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Section 1997e(a)
27 exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435
28 U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of

the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' " Porter, 534 U.S. at 524 (*citing* Booth, 532 U.S. at 739 n. 5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002). Thus, plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Plaintiff indicates in his Complaint that the administrative grievance process was not completed when he submitted his Amended Complaint on March 6, 2006. This necessarily means that the process was not completed at the time Plaintiff initiated this action on June 22, 2004. As noted above, the exhaustion process must be completed prior to filing suit and a Plaintiff may not exhaust while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002).

Plaintiff explains that a grievance was filed but that the grievance system was inadequate and thus, "exhaustion did not ensue because grievance system have multiple levels which mandate a lower level determination before lattering can be done." (Am.Compl. At 5.) Plaintiff states that his claims are protected by 42 U.S.C. § 1997(e). Section 1997e however, Section 1997e merely provides that suits such as Plaintiff's are subject to the exhaustion requirement. Plaintiff's justification that many levels must be completed before anything can happen is not grounds for excusing exhaustion.

In light of Plaintiff's concession, the Court RECOMMENDS that the action be

1  DISMISSED for Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

2  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to

3  nonexhaustion is a valid grounds for dismissal . . . .").

4        The Court HEREBY ORDERS that these Findings and Recommendations be submitted

5  to the United States District Court Judge assigned to this action pursuant to the provisions of 28

6  U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States

7  District Court, Eastern District of California.  Within THIRTY (30) days after being served with

8  a copy of these Findings and Recommendations, any party may file written Objections with the

9  Court and serve a copy on all parties.  Such a document should be captioned "Objections to

10 Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served

11 and filed within TEN (10) court days (plus three days if served by mail) after service of the

12 Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

13 § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time

14 may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153

15 (9th Cir. 1991).

16 IT IS SO ORDERED.

17 **Dated:    January 19, 2007**                    /s/ Sandra M. Snyder
    icido3                                  UNITED STATES MAGISTRATE JUDGE