KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

Dwayne Thompson,        )   No. 1: 04-CV-5877-JAT
                        )
    Plaintiff,          )   **ORDER**
                        )
vs.                     )
                        )
W. Hill, et al.,        )
                        )
    Defendants.         )
                        )

Plaintiff Dwayne Thompson, who is confined in the High Desert State Prison in Susanville, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On November 25, 2008, this action was re-assigned to the undersigned Judge. Pending before the Court is Plaintiff's March 6, 2006 First Amended Complaint (Doc. #19).[1] The Court will dismiss the Amended Complaint and this action.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

---

[1] Although a lengthy procedural history precedes the filing of the Amended Complaint, the Court need not discuss it at this point because the Amended Complaint supersedes the original complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).

1  be granted, or that seek monetary relief from a defendant who is immune from such relief.
2  28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the
3  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
4  before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
5  (*en banc*).  Plaintiff's Amended Complaint will be dismissed without leave to amend because
6  the defects cannot be corrected.

7  **II.  Amended Complaint**

8  Plaintiff names Correctional Officer W. Hill as Defendant in the Amended Complaint.
9  Plaintiff's sole ground for relief is that his due process rights were violated when, after
10 covering his cell door window, he was punished with 10 days of property sanctions.  During
11 the 10 days, Plaintiff was only allowed one t-shirt, one pair of boxers, and one "suicide
12 blanket."  Plaintiff seeks money damages.

13 **III.  Failure to State a Claim**

14 In analyzing a due process claim, the Court must first decide whether Plaintiff was
15 entitled to any process, and if so, whether he was denied any constitutionally required
16 procedural safeguard.

17 Liberty interests which entitle an inmate to due process are "generally limited to
18 freedom from restraint which, while not exceeding the sentence in such an unexpected
19 manner as to give rise to protection by the Due Process Clause of its own force, nonetheless
20 imposes atypical and significant hardship on the inmate in relation to the ordinary incidents
21 of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal citations omitted).

22 Therefore, to determine whether an inmate is entitled to the procedural protections
23 afforded by the Due Process Clause, the Court must look to the particular restrictions
24 imposed and ask whether they "'present the type of atypical, significant deprivation in which
25 a state might conceivably create a liberty interest.'"  Mujahid v. Meyer, 59 F.3d 931, 932 (9th
26 Cir. 1995) (quoting Sandin, 515 U.S. at 486).

27 To determine whether the sanctions are atypical and a significant hardship, courts look
28 to a prisoner's conditions of confinement, the duration of the sanction, and whether the

1  sanction will affect the duration of the prisoner's sentence.  See Keenan v. Hall, 83 F.3d
2  1083, 1088-89 (9th Cir. 1996). "Atypicality" requires not merely an empirical comparison,
3  but turns on the importance of the right taken away from the prisoner.  See Carlo v. City of
4  Chino, 105 F.3d 493, 499 (9th Cir. 1997).  See, *e.g.*, Sandin, 515 U.S. at 472 (30 days'
5  disciplinary segregation is not atypical and significant); Torres v. Fauver, 292 F.3d 141, 151
6  (3d Cir. 2002) (four months in administrative segregation is not atypical and significant);
7  Jacks v. Crabtree, 114 F.3d 983 (9th Cir. 1997) (denial of year sentence reduction is not an
8  atypical and significant hardship); Jones v. Baker, 155 F.3d 810 (6th Cir. 1998) (two and
9  one-half years of administrative segregation is not atypical and significant); Griffin v.
10 Vaughn, 112 F.3d 703, 706-708 (3d Cir.1997) (fifteen months' administrative segregation
11 is not atypical and significant); Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (six
12 months of confinement in especially disgusting conditions that were "more burdensome than
13 those imposed on the general prison population were not "atypical . . . in relation to the
14 ordinary incidents of prison life.").
15     The sanctions Plaintiff received–10 days of confinement with only a t-shirt, boxers,
16 and blanket–are not atypical or significant in the context of the ordinary incidents of prison
17 life. Moreover, the sanctions Plaintiff describes were limited in duration and Plaintiff alleges
18 no injury, other than discomfort, resulting from the conditions of his confinement for that 10-
19 day period.  Accordingly, the Court will dismiss the Amended Complaint for failure to state
20 a claim.
21 **IV.    Dismissal without Leave to Amend**
22     Leave to amend need not be given if a complaint as amended is subject to dismissal.
23 Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989).  The Court's
24 discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously
25 been permitted to amend his complaint.  See Sisseton-Wahpeton Sioux Tribe v. United
26 States, 90 F.3d 351, 355 (9th Cir. 1996).  Moreover, where amendment would be futile, there
27 is no reason to prolong litigation by allowing further amendments.  Lipton v. Pathogenesis
28 Corp., 284 F.3d 1027, 1039 (9th Cir.2002); Klamath-Lake Pharmaceutical Ass'n v. Klamath

1  Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.1983) (futile amendments should not be
2  permitted).

3      The Court finds that Plaintiff cannot cure the deficiencies in the Amended Complaint
4  by further amendment. The Court will therefore dismiss the Amended Complaint and this
5  action without leave to amend.

6  **IT IS ORDERED:**

7      (1) The Amended Complaint (Doc. #19) is **dismissed** for failure to state a claim
8  pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment
9  accordingly.

10     (2) The Clerk of Court must make an entry on the docket stating that the dismissal
11 for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

12     DATED this 30th day of December, 2008.

*[Signature]*
James A. Teilborg
United States District Judge